UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARGIL OZUNA-BARRERA**   **REG. # 02518-479** | : | **DOCKET NO. 2:23-CV-0394**   **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **FELIPE MARTINEZ, JR.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Margil Ozuna-Barrera on March 27, 2023. Doc. 1. At the time of filing, Ozuna-Barrera was an inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). Petitioner has since been released from custody and has not advised the Court of his whereabouts.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons set forth below, **IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results

# I.
## BACKGROUND

Ozuna-Barrera filed the instant petition alleging that the Bureau of Prisons failed to apply earned credits to his sentence, making him eligible for earlier release. Doc. 1. He asked this Court to direct the BOP to correct his sentence computation, which would make him eligible for immediate release. *Id.*

While the matter was pending, petitioner was released from custody on September 11, 2023.

# II.
## LAW & APPLICATION

Petitioner's release from custody during the pendency of this proceeding renders his claim moot. See *Belasco v. Warden*, 156 F. App'x 671 (5th Cir. 2005). Dismissal on that basis is recommended.

# III.
## CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 26th day of October, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE